IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIUS MCBRIDE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action File No.** |
| v. ) | _____ |
| ) | |
| BLUE DOOR REAL ESTATE ) | |
| GROUP GA LLC, and ) | |
| NICOLE ROGERS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Julius McBride (hereinafter "McBride"), by and through undersigned counsel, and files this lawsuit against Defendants Blue Door Real Estate Group GA LLC ("Blue Door") and Nicole Rogers (collectively, "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

### INTRODUCTION

1.

Defendants have failed to pay McBride for 116.8 hours of work he performed, despite contracting with McBride to pay him $18.00 per hour. Thus, Defendants owe McBride at least $2,102.40 in unpaid wages.

2.

This action arises from Defendants' violations of McBride's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendants that have deprived McBride of his lawful minimum wages. Additionally, Defendants breached a contract with McBride by failing to pay McBride a bargained-for wage.

3.

Defendant Nicole Rogers is the property manager of Defendant Blue Door Real Estate Group GA LLC. Rogers and Blue Door jointly employed McBride and are joint employers under the FLSA.

4.

During Defendants' employment of McBride, Defendants violated the FLSA by failing to timely pay McBride at the legally required minimum wage rate for all hours worked. Additionally, although Defendants contracted to pay McBride a regular wage of $18.00 per hour, Defendants breached the contract by failing to pay McBride any wage whatsoever.

5.

McBride seeks unpaid minimum wages and unpaid regular wages for work performed, an amount in liquidated damages equal to the amount of unpaid

minimum wages pursuant to 29 U.S.C. § 216(b), attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7.

Venue is proper in the Northern District of Georgia under 28 U.S.C. §§ 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

8.

McBride resides in Decatur, Georgia (within this District) and is a citizen of the United States.

9.

At all times material to this action, McBride was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. McBride is further covered by §§ 203, 206, and 207 of the FLSA for the period in which he was employed by Defendants.

10.

Defendant Blue Door is a Georgia corporation with its principal office located at 2929 Panthersville Road, Decatur, GA, 30034. Blue Door regularly does business in the State of Georgia and may be served through its registered agent, Dionne Fuller, at 402 Winterwood Drive, Stockbridge, GA, 30281. At all times material hereto, Blue Door was an "employer" of McBride for purposes of the FLSA.

11.

Defendant Nicole Rogers is a Georgia resident. On information and belief, Rogers is the property manager of Blue Door. At all times material hereto, Rogers exercised control over significant aspects of the operations of Blue Door, including employee compensation, and Rogers personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Rogers was an "employer" of McBride for purposes of the FLSA, and Rogers is jointly and severally liable for the failure to pay McBride as required.

12.

At all times material to this action, Blue Door and Rogers were McBride's "joint employer" for purposes of the FLSA due to an arrangement between Defendants to share the services of McBride, and/or because one Defendant acted directly or indirectly in the interest of the other Defendant in relation to McBride,

and/or because Defendants shared control of McBride's employment, and/or because one Defendant controls the other Defendant, and/or because Defendants are under common control.

13.

At all times hereto, McBride handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and he was thus engaged in interstate commerce during his employment with Defendants.

14.

At all times material hereto, Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.  Thus, Defendants were an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

15.

At all times material hereto and upon information and belief, Defendants have produced at least $500,000 in annual gross volume of sales made or business done.

## **FACTUAL ALLEGATIONS**

16.

From approximately September 18, 2017, until October 27, 2017, McBride was employed by Defendants as a maintenance supervisor.

17.

Upon information and belief, Blue Door is a real estate company that manages residential properties.

18.

Upon information and belief, Blue Door has at least $500,000 of annual gross volume of sales made or business done.

19.

At all times relevant hereto, McBride was not responsible for managing any other employees. McBride did not conduct any employees' reviews, schedules, vacation requests, or warnings.

20.

At all times relevant hereto, McBride was a non-exempt employee for purposes of minimum wage compensation.

21.

McBride's position as a maintenance supervisor required him to work with goods and materials that have moved in or produced for commerce by any person.

22.

Defendants agreed to pay McBride at the rate of $18.00 per hour for each hour worked.

23.

Defendants failed to pay McBride at all for a total of 116.8 hours.

24.

Thus, on October 27, 2017, when Defendants terminated McBride's employment, Defendants owed McBride $2,102.40 in unpaid wages. Of that amount, Defendants owed McBride the amount of $846.80 ($7.25 x 116.8 hours) in unpaid minimum wages and $1,255.60 ($10.75 x 116.8 hours) in additional unpaid regular wages.

25.

McBride repeatedly asked Defendants for his wages. Defendants refused to pay McBride his wages.

26.

By unjustifiably refusing to compensate McBride for hours worked, Defendants acted in bad faith, were stubbornly litigious, and caused McBride unnecessary trouble and expense.

27.

Defendants have not made a good faith effort to comply with the FLSA with respect to McBride.

28.

Defendants were aware that McBride did not receive proper compensation as required by federal law. In fact, McBride notified Defendants several times about the unpaid wages, but Defendants continued to withhold his pay, in bad faith. This failure to pay McBride for the appropriate amount of hours he worked amounts to a willful violation of the FLSA, and McBride is therefore further entitled to liquidated damages in an amount equal to the unpaid minimum wages, an additional $846.80.

**COUNT ONE: FLSA VIOLATION (MINIMUM WAGE)**

29.

McBride re-alleges and incorporates Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.

At all times relevant hereto, McBride was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay McBride at a rate not less than the minimum hourly wage of $7.25 per hour.

31.

By failing to properly pay McBride in accordance with § 206 of the FLSA, despite knowledge of McBride's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

32.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, McBride is entitled to damages, including, without limitation, unpaid wages sufficient to compensate McBride at the minimum wage rate for all hours worked totaling $846.80, liquidated damages totaling $846.80, attorneys' fees, and costs.

## COUNT TWO: BREACH OF CONTRACT

33.

McBride re-alleges and incorporates Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.

Defendants agreed to pay McBride an hourly wage of $18.00 for each hour worked.

35.

By failing to pay McBride at all for 116.8 hours of work he performed, Defendants breached their contract with McBride.

36.

As a result of Defendants' breach of contract, McBride is entitled to breach of contract damages totaling $2,102.40, plus pre-judgment interest, in an amount to be determined at trial.

### COUNT THREE: ATTORNEYS' FEES AND EXPENSES

37.

McBride re-alleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38.

McBride has retained undersigned counsel to represent him in this action and has incurred costs and reasonable attorneys' fees.

39.

Pursuant to 29 U.S.C. § 216(b), McBride is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of McBride.

41.

As a result of Defendants' unlawful acts, McBride has been deprived of unpaid wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, McBride prays for the following relief:

(a) That he be awarded damages in the amount of his unpaid compensation, plus an amount of liquidated damages equal to the unpaid minimum wages;

(b) That he be awarded the attorneys' fees, costs, and expenses of this

(c) action;

(d) For trial by full jury; and

(e) That this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 12th day of February, 2018.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*_____

                                      LOUIS R. COHAN
                                      Georgia Bar No. 173357
                                      ELLIS C. LIU
                                      Georgia Bar No. 443689

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
eliu@cohanlawgroup.com


     I certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

                                      **COHAN LAW GROUP, LLC**

                                      ***/s/ Ellis C. Liu***
                                      Ellis C. Liu
                                      Georgia Bar No. 443689